PEOPLE v MORRIS

Docket No. 202629. Submitted November 6, 1997, at Lansing. Decided
    March 3, 1998, at 9:10 A.M. Leave to appeal sought.

  Willie J. Morris was indicted by a multicounty citizens' grand jury for
    conspiracy to deliver or possess with intent to deliver more than
    fifty but less than 225 grams of cocaine. The defendant moved in
    the 54-A District Court to quash the indictment, arguing that the
    Court of Appeals order convening the multicounty citizens' grand
    jury was invalid because it was not specific with regard to the
    scope of inquiry. The court, Patrick F. Cherry, J., granted the
    motion. The Ingham Circuit Court, James R. Giddings, J., affirmed
    on appeal. The prosecution appealed to the Court of Appeals by
    leave granted.

    The Court of Appeals *held*:

    MCL 767.7e; MSA 28.947(5), which specifies what the Court of
    Appeals must do when convening a multicounty grand jury, does
    not require that the order convening such a grand jury be specific
    with regard to the scope of the inquiry to be conducted.

    Reversed and remanded.

GRAND JURY — MULTICOUNTY CITIZENS' GRAND JURIES — COURT OF APPEALS
    ORDERS CONVENING MULTICOUNTY GRAND JURIES — SCOPE OF INQUIRY.

  The statute governing the convening by the Court of Appeals of a citi-
    zens' grand jury with jurisdiction over two or more counties does
    not require that the order that convenes such a grand jury be spe-
    cific with respect to the scope of the inquiry to be conducted (MCL
    767.7e; MSA 28.947[5]).

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Stuart J. Dunnings, III*,
Prosecuting Attorney, and *Samuel R. Smith*, Chief of
Appellate Division, for the people.

*Hugh B. Clarke, Jr.*, for the defendant.

Before: SAAD, P.J., and HOLBROOK, JR., and MARKMAN,
JJ.

PER CURIAM. The prosecutor appeals by leave granted from an Ingham Circuit Court order affirming a district court order that had granted defendant Morris' motion to quash an indictment returned by a multicounty citizens' grand jury. We reverse and remand.

In December 1994, a petition was filed with this Court requesting that the Court convene a multicounty grand jury pursuant to MCL 767.7b; MSA 28.947(2). Finding that "probable cause exists to believe that a crime, or portion of such crime" had been committed in the counties named in the petition, and finding "reason to believe that a Grand Jury with jurisdiction over two or more [of those counties] . . . could more effectively address the criminal activity," this Court issued an order on January 13, 1995, convening the requested multicounty grand jury. On July 11, 1995, the multicounty grand jury indicted defendant Morris for conspiracy to deliver or possess with intent to deliver more than fifty but less than 225 grams of a mixture containing cocaine, MCL 333.7401(1)(2)(a)(iii); MSA 14.15(7401)(1)(2)(a)(iii), MCL 750.157a(a); MSA 28.354(1)(a). Defendant was arrested on August 15, 1995, and arraigned two days later.

Defendant moved in the district court to quash the indictment on grounds that the order creating the multicounty grand jury was invalid because it "was not specific as to the scope of the inquiry to be created." The district court quashed the indictment, finding that the order issued by the Court of Appeals was "deficient" because it failed to set forth with specificity the scope of crimes to be investigated by the grand jury. The prosecutor's motion for reconsideration was denied by the district court. The prosecutor

appealed to the circuit court, which affirmed the decision of the district court, finding that the district court acted within its authority in reviewing an order issued by the Court of Appeals and that the district court had not abused its discretion in quashing the indictment. This Court granted the prosecutor's delayed application for leave to appeal.

Assuming, without deciding, that the district court did not lack subject-matter jurisdiction to review provisions of an order issued by the Court of Appeals, we conclude that the order convening a multicounty citizens' grand jury was valid to the extent that no statutory requirement exists requiring that such an order specifically delineate the scope of its inquiry.[1]

In 1989, the Legislature significantly amended Chapter VII of the Code of Criminal Procedure, including establishing procedures for convening a multicounty citizens' grand jury. 1989 PA 204, MCL 767.7b-767.7g; MSA 28.947(2)-28.947(7). Before the 1989 amendments, with minor exceptions,[2] the broad

---

[1] There are a number of reasonable explanations why the Legislature would want to require more specificity in the petition than in the order. For example, by placing a specificity requirement in the petitioning procedures, the Legislature would ensure that the multicounty grand jury process will be initiated by a belief that some criminal activity has occurred. However, by not limiting the scope of the inquiry, the Legislature is ensuring that if evidence of other criminal activity is discovered during the grand jury proceedings, the grand jury will be able to indict on the basis of that evidence. Continuing criminal activity that is broad enough in scope to cross county borders is likely to involve a variety of penal code violations, many that will be discovered only during the course of a grand jury investigation.

[2] These minor exceptions would be: MCL 767.4a; MSA 28.944(1) (addressing the need to keep grand jury proceedings secret); MCL 767.5a; MSA 28.945(1) (addressing the issue of privileged communications); and MCL 767.24; MSA 28.964 (a statute of limitations provision that specifies the time limits applicable to the filing of indictments for the listed offenses).

grand jury classification was organized around two specific subclassifications: one-man grand juries, §§ 3-4, 5, 6-6b, MCL 767.3-767.4, 767.5, 767.6-767.6b; MSA 28.943-28.944, 28.946-28.946(2) and citizens' grand juries, §§ 7-7a, 8-23, 25, MCL 767.7-767.7a, 767.8-767.23, 767.25; MSA 28.947-28.947(1), 28.948-28.963, 28.965. See *People v Pichitino*, 337 Mich 90, 94; 59 NW2d 100 (1953) (finding that legislative amendment of the grand jury statutes in 1949 "preserved both" forms of grand juries). We consider it significant that the Legislature chose to place the statutory provisions involving multicounty grand juries within the citizens' grand jury subclassification, §§ 7b-7g, 23a. In examining these statutory provisions, we find no requirement that an order of the Court of Appeals convening a multicounty grand jury specifically state the scope of its inquiry. Pursuant to § 7e, the order convening a multicounty grand jury must:

> (a) Designate a judge of the circuit court or of the recorder's court to preside over the grand jury proceedings.
> (b) If the petition to convene the grand jury was filed under section 7b(2), designate the prosecuting attorney of 1 of the counties over which the grand jury is to have jurisdiction to assist the grand jury.
> (c) Designate the counties from which the jurors shall be drawn from among the counties over which the grand jury is to have jurisdiction.
> (d) Designate the number of jurors to be drawn for the grand jury and the number of jurors to be drawn from each county.
> (e) Designate the locations for the grand jury proceedings. [MCL 767.7e; MSA 28.947(5).]

Whereas § 7e contains no specificity requirement, § 3 requires that an order convening a *one-man grand jury* "shall be specific to common intent of the

scope of the inquiry to be conducted." MCL 767.3; MSA 28.943. Keeping in mind the dual statutory scheme, we must assume that the Legislature has purposefully chosen to place a specificity requirement on the workings of the one-man grand jury, but not on a multicounty citizens' grand jury.[3] "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).

Furthermore, our reading of the multicounty grand jury statutes is consistent with the traditional view given citizens' grand juries:

Traditionally the grand jury has been accorded wide latitude to inquire into violations of criminal law. No judge presides to monitor its proceedings. It deliberates in secret and may determine alone the course of its inquiry. The grand jury may compel the production of evidence or the testimony of witnesses as it considers appropriate, and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials. "It is a grand inquest, a body with powers of investiga-

---

[3] Although not an authoritative statement of legislative intent, the House Legislative Analysis for 1989 PA 204 indicates that the purpose of the legislation was to "amend the Code of Criminal Procedure to provide for the creation of a grand jury, *modeled after the citizen's grand jury,* with jurisdiction over two or more counties." House Legislative Analysis, HB 4310, May 11, 1989. (Emphasis added). Further, one of the explicit arguments *against* the legislation identified in the analysis is that "citizens' grand juries have a broad investigatory authority and are able to engage in 'fishing expeditions,' rather than being confined to a clearly defined line of inquiry." *Id.* That the Legislature enacted the law despite assertions that it would enable relatively broad investigations to be conducted suggests that the multicounty grand jury was intended to be a form of citizens' grand jury and that its scope was not to be limited in a manner similar to the one-man grand jury.

tion and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime." *Blair v United States*, 250 US 273, 282 [39 S Ct 468; 63 L Ed 979] (1919).

The scope of the grand jury's powers reflects its special role in insuring fair and effective law enforcement. A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. Rather, it is an *ex parte* investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person. The grand jury's investigative power must be broad if its public responsibility is adequately to be discharged. [*United States v Calandra*, 414 US 338, 343-344; 94 S Ct 613; 38 L Ed 2d 561 (1974).]

Accordingly, because we conclude that the convening order issued by this Court was not defective in that it failed to specify the scope of the grand jury inquiry, we reverse the circuit court's affirmance of the district court's order quashing defendant's indictment.

Reversed and remanded.