# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT MONYA GREEN,

Defendant-Appellant.

FOR PUBLICATION
January 23, 2018
9:00 a.m.

No. 334880
Wayne Circuit Court
LC No. 16-003081-01-FC

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

MURRAY, J.

This case arises from defendant's robbery and shooting of James Winbush on December 15, 2015, during the course of what was supposed to be a sale of Wimbush's video game equipment to defendant. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84, armed robbery, MCL 750.529, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant does not argue that anything occurring during trial warrants a reversal of his convictions. Nor does he challenge his sentences. Instead, defendant argues that the use of a one-person grand jury, see MCL 767.3 and MCL 767.4, violated his right to counsel and his right to confront the witnesses against him. And, because his counsel did not lodge these objections to the proceedings, defendant argues that he received the ineffective assistance of counsel. We affirm.

## I. PERTINENT BACKGROUND

On December 14, 2015, Winbush made arrangements through the internet to sell two video game systems and some accompanying video games to a buyer named "Darius King." The transaction was to be completed at Winbush's house on the morning of December 15, 2015. Winbush had never met King, and did not otherwise know who King was. That morning, Winbush informed his adoptive brother, Dion Strange, that a buyer was coming to their house to purchase the video game systems and accompanying video games. Not long after the discussion between Winbush and Strange, the buyer arrived at the house and called to let Winbush know. Winbush and Strange went to the porch to complete the sale. The buyer then exited a parked Ford Taurus and came to the porch. Winbush, however, recognized the buyer not as King, but as defendant, because the two had spent time together at a juvenile detention facility. Winbush attempted to proceed with the sale. However, not long after arriving at the porch, defendant

-1-

pulled out a gun and indicated that he was robbing Winbush. In response, Winbush reached out to grab the gun, a struggle ensued, and defendant subsequently shot Winbush a few times before fleeing the scene. Strange, who was in the doorway leading into the house during the incident, was not hit by any bullets. Before being taken to the hospital, Winbush indicated to his aunt that he was shot by someone named "TSN Monya."

While at the hospital, Strange asked Winbush who shot him. Winbush responded "TSN Monya." Strange recognized the name because, at some point in the past, Strange had seen defendant rapping in a music video. Once Strange heard Winbush's response, he searched for defendant on Facebook, an internet website, and was able to find a corresponding Facebook account entitled "TSN Big Homie Monya," that featured photographs of defendant. Strange then showed Winbush two photographs from the account, and Winbush recognized the photographed individual as the shooter. Strange later showed the photographs to a detective. In turn, the detective spoke to Winbush, obtained a statement, and showed Winbush a photographic lineup. Winbush selected defendant from the photographic lineup. The lineup was eventually introduced at trial.

Defendant was indicted by a one-person grand jury where Winbush and Strange were the only witnesses that testified. At trial, both Winbush and Strange made in-court identifications of defendant as the shooter. Defendant was subsequently convicted by the jury.

## II. STANDARD OF REVIEW

"The question whether [defendant's trial attorney] performed ineffectively is a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). To the extent that defendant's arguments rely on constitutional provisions, this Court reviews constitutional issues de novo. *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011). Likewise, to the extent defendant's arguments involve the interpretation and application of a statute, this Court's review is also de novo. *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009).

Constitutional challenges must be raised in the trial court, otherwise those challenges are "not properly preserved for appellate review." *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737 (1997). Because defendant failed to challenge the use of the one-person grand jury procedure in the trial court, defendant's arguments are unpreserved and are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To satisfy the plain error test, defendant must show that an obvious or clear error occurred and that the error affected the outcome of the trial court proceedings. *Id*. However, reversal is only warranted when the plain error results in the conviction of an "actually innocent defendant" or when an error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763 (quotation marks and citation omitted).

## III. ANALYSIS

Defendant contends that his trial attorney was ineffective for failing to object to the use of the statutory one-person grand jury procedure because its use to indict defendant was

unconstitutional given that it unduly impinged upon defendant's constitutional right to counsel and to confront the witnesses against him.

The first part of the one-person grand jury procedure is set forth in MCL 767.3, and provides, in pertinent part:

> Whenever by reason of the filing of any complaint, which may be upon information and belief, or upon the application of the prosecuting attorney or attorney general, any judge of a court of law and of record shall have probable cause to suspect that any crime, offense or misdemeanor has been committed within his jurisdiction, and that any persons may be able to give any material evidence respecting such suspected crime, offense or misdemeanor, such judge in his discretion may make an order directing that an inquiry be made into the matters relating to such complaint, which order, or any amendment thereof, shall be specific to common intent of the scope of the inquiry to be conducted, and thereupon conduct such inquiry. In any court having more than 1 judge such order and the designation of the judge to conduct the inquiry shall be made in accordance with the rules of such court. Thereupon such judge shall require such persons to attend before him as witnesses and answer such questions as the judge may require concerning any violation of law about which they may be questioned within the scope of the order.

The second part of the procedure is contained within MCL 767.4, which provides, in pertinent part:

> If upon such inquiry the judge shall be satisfied that any offense has been committed and that there is probable cause to suspect any person to be guilty thereof, he may cause the apprehension of such person by proper process and, upon the return of such process served or executed, the judge having jurisdiction shall proceed with the case, matter or proceeding in like manner as upon formal complaint.

Defendant contends this procedure unduly impinges his Sixth Amendment right to counsel and right to confrontation.[1] Defendant also asserts that because his trial attorney failed to object to

---

[1] The Sixth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

the improper use of the procedure, defendant was denied the effective assistance of trial counsel. Defendant's arguments are unavailing.

Arguments that a defendant received the ineffective assistance of trial counsel are evaluated under the standard set forth in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Hoag*, 460 Mich 1, 5; 594 NW2d 57 (1999). "In order to obtain a new trial, a defendant must show that (1) [trial] counsel's performance fell below an objective standard of reasonableness and (2) but for [trial] counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51.

Under the deficient performance prong, a reviewing court evaluates whether the trial attorney's "acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). In conducting this review, it is strongly presumed that defendant's trial attorney "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. (quotation marks and citation omitted). Stated differently, defendant must overcome a "strong presumption that [trial] counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52. And, unless defendant's assertion falls under one of the narrow circumstances where prejudice is presumed, defendant must "affirmatively prove prejudice" by showing "a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 671 (quotation marks and citation omitted).

Defendant's two arguments cannot overcome the high legal hurdles placed in their way. And there are many. First, "[t]he right to counsel attaches . . . only at or after the initiation of adversary judicial proceedings against the accused by way of a formal charge, preliminary hearing, indictment, information, or arraignment." *People v Buie (On Remand)*, 298 Mich App 50, 61; 825 NW2d 361 (2012) (quotation marks and citation omitted). " 'A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated[;] [r]ather, it is an *ex parte* investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person.' " *People v Morris*, 228 Mich App 380, 385; 579 NW2d 109 (1998), quoting *United States v Calandra*, 414 US 338, 343-344; 94 S Ct 613; 38 L Ed 2d 561 (1974). Consequently, because the one-person grand jury procedure is used to determine whether criminal proceedings should be instituted against an individual by way of an indictment, there is not yet a formal charge, preliminary hearing, indictment, information, or arraignment that indicates adversarial judicial proceedings have begun; thus, defendant's right to counsel had not yet attached. See *People v Glass (After Remand)*, 464 Mich 266, 276; 627 NW2d 261 (2001) ("[C]riminal prosecutions may be initiated . . . by either indictment or information."); MCR 6.112(B) ("A prosecution must be based on information or an indictment. . . . An indictment is returned and filed without preliminary examination. When this occurs, the indictment shall commence judicial proceedings."); MCL 767.4 (providing that the trial court "shall proceed with the case" after the one-person grand jury returns an indictment).

Moreover, defendant did not have a statutory right to the presence of counsel at the grand jury because defendant was not called before the one-person grand jury. See MCL 767.19e

-4-

(providing that witnesses called before a grand jury are statutorily entitled to consult and have legal counsel present during the inquiry). Thus, defendant's right to counsel was not impinged by the one-person grand jury procedure because defendant's right to counsel had not yet attached at the time of the challenged procedure.

Second, " '[t]he central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact.' " *People v Pesquera*, 244 Mich App 305, 309; 625 NW2d 407 (2001), quoting *Maryland v Craig*, 497 US 836, 845; 110 S Ct 3157; 111 L Ed 2d 666 (1990). However, because there was no indictment against defendant at the time of the one-person grand jury, defendant's right to confront witnesses was not implicated because he was not yet a "criminal defendant" who had been formally charged. This holds true because " '[a] grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated[;] [r]ather, it is an *ex parte* investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person.' " *Morris*, 228 Mich App at 385, quoting *Calandra*, 414 US at 343-344. Hence, defendant's argument is misguided because the protections afforded by the Confrontation Clause have yet to come to fruition at the time of the one-person grand jury.[2]

Third, defendant's argument that the one-person grand jury procedure is, as a matter of policy, improper, is neither an issue this Court (or any court) can decide, nor is it otherwise compelling because the Legislature acted within its province when it created an "alternative charging procedure." *People v Farquharson*, 274 Mich App 268, 273-274; 731 NW2d 797 (2007). Having been created, a prosecutor may use her discretion to invoke the procedure. Additionally, because it is an alternative charging procedure, it does not "replace[] the preliminary examination" as defendant asserts. Rather, both serve the same function: to determine whether there is probable cause that defendant committed a crime. *People v Yost*, 468 Mich 122, 125-126; 659 NW2d 604 (2003) (discussing a preliminary examination's function); *Farquharson*, 274 Mich App at 274 (noting that a one-person grand jury may be convened to determine whether probable cause exists). Further, just like "[t]here is no state constitutional right to indictment by grand jury," *Farquharson*, 274 Mich App at 273, there is no state constitutional right to a preliminary examination, *Yost*, 468 Mich at 125 (noting that the right to preliminary examination is a purely statutory right). Moreover, in both a one-person grand jury and a preliminary examination, the individual that decides whether there is probable cause is the same: a judge. MCL 767.3 (one-person grand jury); MCL 766.13 (preliminary examination). At bottom, the one-person grand jury does not impinge upon defendant's asserted constitutional rights.

Fourth, because there is no basis for concluding that the use of the one-person grand jury violated defendant's asserted constitutional rights, defendant did not receive the ineffective assistance of trial counsel. That is, "[f]ailing to advance a meritless argument or raise a futile

---

[2] Defendant's argument lacks particular force because the witnesses that testified at the grand jury, Winbush and Strange, later testified at trial and defendant could, and did, confront them.

objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Because there is no basis to conclude that the one-person grand jury violated defendant's constitutional rights, defendant's trial attorney was not ineffective for failing to advance these arguments.

The fifth and final hurdle that defendant cannot overcome is the lack of any prejudice. Defendant's argument that his trial attorney was ineffective rests on the theory that if a preliminary examination would have been held, no probable cause would have been found because the "shaky" identification of defendant would have been exposed on cross-examination.[3] However, defendant's argument ignores the jury verdict. In other words, because "defendant's conviction was based on proof beyond a reasonable doubt, [this Court] can surmise that had a preliminary examination been conducted," as defendant argued for here, "defendant would have been bound over to circuit court for trial since the lesser standard of probable cause is used at preliminary examination." *People v McGee*, 258 Mich App 683, 698; 672 NW2d 191 (2003). Further, because defendant had the opportunity to cross-examine the grand jury witnesses at trial, "defendant has not established that" the use of the one-person grand jury procedure otherwise "affected the fairness of the trial or the reliability of the verdict[.]" *Id*. at 698-699. Thus, even if the use of the one-person grand jury procedure was unconstitutional, it "was harmless error relating to pleading or procedure that did not result in a miscarriage of justice." *Id*. at 699 (quotation marks and citation omitted). As a result, defendant cannot show prejudice from the use of the one-person grand jury given that he was ultimately convicted beyond a reasonable doubt.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Talbot
/s/ Colleen A. O'Brien

---

[3] The core of Winbush's and Strange's grand jury testimony about the shooting largely mirrored their testimony at trial. Shortly after defendant came to the porch to buy the merchandise that Winbush was selling, defendant pulled out a gun, aimed it towards Winbush, indicated that Winbush was being robbed, and subsequently shot Winbush before fleeing the scene. Likewise, the core of Winbush's identification of defendant was largely the same. Winbush recognized defendant from the time the two spent together at a juvenile detention facility. Similarly, the core of Strange's identification of defendant was largely the same. Strange asked Winbush who the shooter was, defendant responded TSN Monya, Strange then used that information to find pictures of defendant taken from defendant's Facebook account and showed the pictures to Winbush, and Winbush indicated that the pictures depicted his shooter.