*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHNATHON DONCHELL MARTIN,

Defendant-Appellant.

UNPUBLISHED
May 7, 2019

No. 342253
Wayne Circuit Court
LC No. 17-005284-01-FC

Before: MURRAY, C.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b). Defendant was sentenced to concurrent prison terms of 25 to 50 years for his convictions. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

This case arose from defendant's sexual assaults of his two minor children when they were under 13 years of age. Both children testified regarding the sexual abuse at trial after the trial court found them to be competent witnesses. Defendant's seven-year-old son testified that defendant had anally penetrated him, and defendant's six-year-old daughter testified that defendant had vaginally penetrated her. Additionally, defendant's daughter and the daughter's mother testified that she had contracted gonorrhea. The trial court found defendant guilty of two counts of CSC-I, and this appeal followed.

## II. GREAT WEIGHT OF THE EVIDENCE

Defendant first argues that his guilty verdicts are against the great weight of the evidence. We disagree.

This Court recently articulated in *People v Anderson*, 322 Mich App 622, 631-632; 912 NW2d 607 (2018):

The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. When a defendant claims on appeal that his convictions were against the great weight of the evidence[,]

> conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial. Unless it can be said that directly contradictory testimony was so far impeached that it was deprived of all probative value or that the jury could not believe it, or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination. [(quotation marks, alterations, and citations omitted.)]

"Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009).

Defendant was convicted of two counts of CSC-I, MCL 750.520b(1)(a), which provides:

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

(a) That other person is under 13 years of age.

Therefore, "[a] defendant is guilty of CSC-I, MCL 750.520b(1)(a), if he or she engaged in sexual penetration with the victim and the victim was less than 13 years old." *People v Solloway*, 316 Mich App 174, 181; 891 NW2d 255 (2016). " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or another intrusion, however slight, of any part of a person's body . . . into the genital or anal openings of another person's body . . . ." MCL 750.520a(r); see *id*.

Defendant's children provided testimony that fulfilled the above elements. Defendant's son testified that defendant anally penetrated him. Defendant's daughter testified that he vaginally penetrated her. Defendant's daughter also tested positive for gonorrhea, a sexually transmitted disease. Regardless, defendant claims that the trial court's guilty verdicts are against the great weight of the evidence because: (1) there is a lack of physical evidence; (2) the witnesses lacked credibility; and (3) the witnesses provided contradictory testimony. We do not find these arguments persuasive.

First, the lack of physical evidence in this case does not cause the evidence to preponderate so heavily against the verdict as to require reversal. Defendant contends that there is a lack of physical evidence implicating him, there was no evidence that he had gonorrhea, and his son tested negative for gonorrhea. However, it is well established that physical evidence of penetration is not necessary for a CSC conviction. A victim's testimony alone is "sufficient to prove all the elements of CSC." *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010);

see MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g."). As noted above, both children testified that defendant penetrated them, and his daughter tested positive for gonorrhea. Although there was no evidence that defendant had gonorrhea, there was also no evidence that he did not have it. Furthermore, the fact that his son failed to have gonorrhea did not negate his son's claims against him.

Second, "a question as to the credibility of a witness [is generally] not [a] sufficient ground[] for granting a new trial" absent exceptional circumstances, as where the testimony contradicts indisputable physical facts or laws, is patently incredible, defies physical realities, is material and so inherently implausible that it could not be believed by a reasonable juror, or has been seriously impeached and the case marked by uncertainties and discrepancies. *People v Lemmon*, 456 Mich 625, 643-644; 576 NW2d 129 (1998) (citation omitted). Defendant contends that his son's testimony was "patently incredible," and the trial court did not believe all of his daughter's testimony. However, because defendant's contention presents nothing more than a challenge to the children's credibility, defendant has not established that the verdict is against the great weight of the evidence. This Court gives great deference to the trial court's role in assessing witnesses' credibility. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). The trial court stated that defendant's son "was able to testify very, very clearly." Although the trial court stated that his daughter "was a little difficult to understand" because of a "language problem," it indicated that the children "were very descriptive." The trial court did not convict defendant of all of five CSC-I counts; however, the trial court is entitled to accept parts of a witness' testimony, and reject other parts. This Court will not interfere with the trial court's ability to determine witnesses' credibility. *Id*. at 515.

Third, "[c]onflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial" absent the exceptional circumstances noted above. *Lemmon*, 456 Mich at 643-644, 647. Defendant contends that the testimony of his son, daughter, and the children's mother was contradictory. Although the witnesses contradicted one another on certain points – whether the children's mother left the children alone with defendant, whether other males were around the children, and where the children lived – evidence of defendant's sexual abuse against the children was consistent and not contradicted throughout the trial. Therefore, the evidence did not preponderate so heavily against the verdict that it would be a miscarriage of justice to let the verdict stand. *Anderson*, 322 Mich App at 631-632. Accordingly, defendant's claim that his CSC-I convictions are against the great weight of the evidence is without merit.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that defense counsel was ineffective for failing to consult with and request funds for, an expert to review the children's forensic interviews. We disagree.

A defendant preserves the issue of ineffective assistance of counsel by moving in the trial court either for a new trial or for an evidentiary hearing on the issue pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017). This issue is unpreserved because defendant did not move for a new trial or requested a *Ginther* hearing before the trial court, and this Court denied his motion for remand. See *People v Martin*, unpublished order of the Court of Appeals, entered September 14, 2018 (Docket No. 342253).

-3-

"Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). While an appellate court reviews the trial court's constitutional determinations de novo, the trial court's factual determinations are reviewed for clear error. *Id*. A factual determination is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017). If an issue is unpreserved and no *Ginther* hearing is held, "review is limited to errors apparent on the record." *People v Urban*, 321 Mich App 198, 206; 908 NW2d 564 (2017).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Urban*, 321 Mich App at 206-207. To support a conclusion that a defendant's trial counsel was ineffective, the defendant must demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The defendant bears the burden of establishing the factual predicate for his claim. *Jackson*, 313 Mich App at 432. Additionally, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Green*, 322 Mich App 676, 687; 913 NW2d 385 (2018), quoting *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (quotation marks omitted).

"Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Likewise, decisions on whether to present expert witness testimony is a matter of trial strategy. *Solloway*, 316 Mich App at 189. Failure to call an expert witness amounts to ineffective assistance of counsel only when the decision deprives a defendant of a substantial defense. *Id*. "A substantial defense is one that might have made a difference in the outcome of trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (cleaned up).

Additionally, in *People v Kennedy*, 502 Mich 206, 227; 917 NW2d 355 (2018), our Supreme Court clarified the standard that the trial court should apply when analyzing a criminal defendant's request for funding to retain an expert. Our Supreme Court held that to determine "whether an indigent criminal defendant is entitled to the appointment of an expert at government expense," the defendant "must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial." *Id*. at 228 (quotation marks and citation omitted).

First, we conclude that defense counsel's decision to not consult an expert was objectively reasonable. Defendant admits that defense counsel apparently reviewed the videotapes of the interviews. In *Trakhtenberg*, 493 Mich at 54 n 9, our Supreme Court noted that "a defense attorney may be deemed ineffective, in part, for failing to consult an expert when counsel had neither the education nor the experience necessary to evaluate the evidence and make for himself a reasonable, informed determination as to whether an expert should be

consulted or called to the stand . . . ." (quotation marks and citation omitted). The record does not support a conclusion that defense counsel failed to have the education or experience necessary to evaluate the videotape of the interviews and make a reasonable, informed determination as to whether to consult with an expert. On this record it is plausible that defense counsel chose not to consult with an expert because she thought it was not necessary. Defense counsel evaluated the interviews and decided, as a matter of trial strategy, that an expert was not needed, and defendant has not met the heavy burden to overcome the presumption that defense counsel employed effective trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Second, regardless of whether defense counsel's decision to consult and request funds for an expert was proper trial strategy, defendant has not demonstrated that he was prejudiced. *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994). Defendant contends that he was prejudiced by defense counsel's deficient performance because he "was potentially left without a key defense, that the forensic interview was done wrong and that following a review of the forensic interview, [defendant's son and daughter] were not making credible allegations." Defendant does not assert that an expert would have offered favorable testimony or otherwise aided his efforts to discredit the children's sexual abuse allegations. Defendant has not identified any aspect of the interviews that potentially violate interview standards, nor what an expert would testify to. Defendant only states that he was "potentially" left without a defense – that the forensic interview was done wrong and the children were not making credible allegations. Because defendant has merely speculated that an expert could have provided favorable testimony, defendant has not demonstrated prejudice.

Furthermore, as is required under *Kennedy*, 502 Mich at 228, defendant has not shown that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial. As noted above, defendant failed to show how an expert would be of assistance to the defense. Defendant only states that he was "potentially" left without a defense. According to our Supreme Court, "a defendant must demonstrate something more than a mere possibility of assistance from a requested expert." *Id*. at 227. A "defendant's bare assertion that an expert would be beneficial cannot, without more, entitle him or her to an expert; otherwise, every defendant would receive funds for experts upon request." *Id*. at 226. "[D]efense counsel is obligated to inform himself about the specific scientific area in question and to provide the court with as much information as possible concerning the usefulness of the requested expert to the defense's case." *Id*. at 227 (citation omitted). Therefore, defendant has not made a sufficient showing that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial. *Id*. at 228.

## IV. WITNESS COMPETENCY

Finally, defendant argues that the trial court erred in finding that the children were competent to testify because they did not have a sense of obligation to testify truthfully and were not told the consequences of lying in court. Defendant contends that the trial court failed to ensure that the children understood the difference between the truth and a lie. We disagree.

Because defendant did not object to the children's competency to testify, our review is limited to plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.*

"All witnesses are presumed to be competent to testify." *People v Watson*, 245 Mich App 572, 583; 629 NW2d 411 (2001). Under MRE 601,

> [u]nless the court finds after questioning a person that the person does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules.

As recognized by this Court:

> The test of competency is thus whether the witness has the capacity and sense of obligation to testify truthfully and understandably. Where the trial court examines a child witness and determines that the child is competent to testify, "a later showing of the child's inability to testify truthfully reflects on credibility, not competency." [*Watson*, 245 Mich App at 583, quoting *People v Coddington*, 188 Mich App 584, 597; 470 NW2d 478 (1991) (citation omitted).]

The trial court determined that the children were competent following questioning designed to determine whether they had the capacity and understood the obligation to testify truthfully. First, defendant's son swore to tell the truth when the trial court conducted voir dire by asking him true or false questions, which he adequately answered. However, he did not respond when the trial court asked him if he knew the difference between the truth and a lie. While he indicated that he knew what a lie was, he did not respond when asked, "What is a lie?" However, he subsequently answered the trial court's true or false questions and promised to tell the truth. As a result, the trial court indicated that it was satisfied with his responses and his ability to be truthful and deemed him competent to testify. Next, defendant's daughter adequately answered the trial court's true or false questions and promised to tell the truth. As a result, the trial court indicated that it was satisfied with her responses and her ability to understand the difference between a truth and lie, and deemed her competent to testify. Although defendant's son did not respond when asked the difference between the truth and a lie and his daughter was never asked if she knew the difference, the children's responses to questioning demonstrated that they knew the difference between the truth and a lie. Therefore, the trial court did not err in finding that the children were competent to testify.

Defendant next argues that defense counsel was ineffective for failing to object to the trial court's finding of competency. Defendant contends that there was no strategic reason for failing to object because the children did not testify that they knew the difference between the truth and a lie or the consequences of lying in court. Defendant asserts that he was prejudiced

because the children were the only witnesses to testify against him, and a finding of incompetency would have resulted in no evidence against him. We disagree.

Again, as defendant failed to preserve this issue for appeal, "Our review is limited to mistakes apparent on the record." *Urban*, 321 Mich App at 206. As noted, to prove ineffective assistance of counsel, "a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *Pickens*, 446 Mich at 303. "Failing to . . . raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Defense counsel's performance was not deficient. Because the trial court did not err in finding that the children were competent, defense counsel was not ineffective for failing to object to that finding since it would have been futile. *Id*. Accordingly, defendant has not shown that defense counsel's performance fell below an objective standard of reasonableness. *Pickens*, 446 Mich at 303.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Michael J. Riordan