*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
July 1, 2021

v

No. 350219
Livingston Circuit Court
LC No. 18-025213-FH

DAVID LAWRENCE BRACKETT,

Defendant-Appellant.

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant, David Lawrence Brackett, appeals as of right his jury-trial conviction of assault by strangulation or suffocation, MCL 750.84(1)(b). Defendant argues that he was denied effective assistance of counsel because his trial counsel failed to request an instruction for a lesser included offense, failed to adequately cross-examine the complainant about a medication she took, and failed to call an expert witness to testify about the medication. We affirm.

## I. BACKGROUND

This case arises out of a domestic assault. Defendant was the complainant's boyfriend, and the two lived together with the complainant's son, daughter-in-law, and grandchildren. On the day of the assault, police came to the home after receiving a call from defendant. The complainant told the police that she and defendant had been in an argument. She stated that defendant came up from behind her, put his arms around her neck, choked her and obstructed her breathing for approximately one minute. Defendant was charged with assault by strangulation or suffocation.

At trial, the complainant testified that she lied to the police and that defendant did not actually assault her. The complainant testified that she fabricated the assault because she wanted to have defendant removed from the home. When confronted with police photographs that depicted discoloration on her neck, the complainant testified that the discoloration was the result of her having scratched her neck. The complainant testified that the only time defendant touched her was when he attempted to give her a hug. The complainant's daughter-in-law testified that she saw defendant with his arm around the complainant but that he did not appear to be "choking" her.

Defendant's trial counsel argued to the jury that the complainant's statement to the police could not be trusted, that she was telling the truth at trial, and that defendant was completely innocent. The jury found defendant guilty, and this appeal followed.

## II. STANDARD OF REVIEW

Claims of ineffective assistance of counsel present mixed questions of fact and law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Factual findings are reviewed for clear error and legal conclusions are reviewed de novo. *Id*. Although defendant previously moved this Court to remand for a *Ginther*[1] hearing, we concluded that it was unnecessary at that time.[2] Consequently, our review is limited to mistakes apparent from the record. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003).

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Head*, 323 Mich App at 539 (cleaned up). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (cleaned up). "[T]he defendant also necessarily bears the burden of establishing the factual predicate for his [or her] claim." *People v Cooper*, 309 Mich App 74, 81; 867 NW2d 452 (2015) (cleaned up). This Court presumes counsel was effective, and defendant carries a heavy burden to overcome this presumption. *Head*, 323 Mich App at 539.

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed2d 674 (1984). This Court then evaluates "whether the trial attorney's acts or omissions were outside the wide range of professionally competent assistance." *People v Green*, 322 Mich App 676, 684; 913 NW2d 385 (2018) (cleaned up). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Traver (On Remand)*, 328 Mich App 418, 422-423; 937 NW2d 398 (2019) (cleaned up). However, "a court cannot insulate the review of counsel's performance by calling it trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012).

## III. ANALYSIS

Defendant first argues that his trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of misdemeanor assault and battery, MCL 750.81(1). "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater

---

[1] *People v Ginther*, 390 Mich 436, 445; 212 NW2d 922 (1973).

[2] *People v Brackett*, unpublished order of the Court of Appeals, issued April 13, 2020 (Docket No. 350219).

offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002), overruled in part on other grounds by *People v Mendoza*, 468 Mich 527 (2003). "[A] person who assaults or assaults and batters an individual, if no other punishment is prescribed by law, is guilty of a misdemeanor . . . ." MCL 750.81(1). A felony is committed when someone "[a]ssaults another person by strangulation or suffocation." MCL 750.84(1)(b). Therefore, the differentiating element between assault and battery and assault by strangulation or suffocation is the use of strangulation or suffocation. See MCL 750.81(1) and MCL 750.84(1)(b).

An "all-or-nothing" defense in which defense counsel declines to request instructions on a lesser offense and instead seeks an outright acquittal is a legitimate trial strategy. *People v Allen*, 331 Mich App 587, 610; 953 NW2d 460 (2020), vacated in part on other grounds by 953 NW2d 197 (2020). Here, defendant was charged with assault by strangulation or suffocation, and defense counsel sought an outright acquittal based on the premise that the complainant falsely accused defendant. Further, requesting an instruction on a lesser offense could have undermined defendant's theory that he was completely innocent and "may [have] reduce[d his] chances of acquittal." *Id*. "A failed strategy does not constitute deficient performance." *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Defense counsel's "all-or-nothing" trial strategy was consistent with defendant maintaining his innocence. We will not question counsel's decision not to seek an instruction on the lesser included offense of assault and battery. Defendant has failed to establish that he is entitled to relief based on this argument. *Head*, 323 Mich App at 539.

Defendant additionally argues that he was denied the effective assistance of counsel because his trial counsel failed to explore the side effects of the complainant's medication. At the preliminary examination, the complainant testified about medication that she was taking. At trial, the complainant testified that there were marks on her neck because she scratched her neck. Defendant argues that had defense counsel, through cross-examination or expert testimony, established that itchiness was a side effect of the complainant's medication, it would have bolstered her credibility and altered the outcome of the proceeding.

"Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Here, even though it had already been established on direct examination, defense counsel reiterated on cross-examination that it was the complainant's position that the marks on her neck were the result of her having scratched it. Counsel then argued to the jury that her trial testimony was more credible than the statements she made to the police. We see no reason to conclude that explaining why the complainant's neck was itchy would have made her testimony more credible. The defense would still have been asking the jury to take the complainant's word that her neck was discolored because she scratched it and that her neck was not discolored because defendant strangled or suffocated her. Counsel appears to have made a reasonable strategic choice that exploring the complainant's medication would not have been helpful to defendant, and defendant has failed to persuasively show otherwise. Because this was a reasonable strategic choice, defendant again has failed to establish that he is entitled to relief. *Id*.

Defendant also asserts that defense counsel was ineffective by failing to call an expert witness to discuss the side effects of the complainant's medication. However, "[w]ithout some indication that a witness would have testified favorably, a defendant cannot establish that counsel's

failure to call the witness would have affected the outcome of his or her trial." *People v Carll*, 322 Mich App 690, 703; 915 NW2d 387 (2018). Defendant has not identified any experts or provided this Court with any evidence to establish the factual predicate of his claim. Therefore, this argument also fails. See *Cooper*, 309 Mich App at 81.

Defendant also requests this Court to remand the case for a *Ginther* hearing if we are unpersuaded that he is entitled to a new trial. Defendant has made no argument and has offered no evidence that could justify us in concluding that further factual development would alter our analysis.

Affirmed.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ /Michelle M. Rick