*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT MONYA GREEN,

Defendant-Appellant.

UNPUBLISHED
October 23, 2024
10:55 AM

No. 363881
Wayne Circuit Court
LC No. 16-003081-01-FC

Before: YATES, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

In 2018, this Court affirmed defendant's criminal convictions on direct appeal. *People v Green*, 322 Mich App 676; 913 NW2d 385 (2018), overruled in part by *People v Peeler*, 509 Mich 381; 984 NW2d 80 (2022). But four years after this Court resolved the direct appeal in a published opinion, our Supreme Court overruled part of that opinion in *Peeler*, 509 Mich 381. After issuance of the decision in *Peeler*, defendant, Robert Monya Green, sought relief from the judgment in his criminal case, but the trial court dismissed his motion. Defendant now appeals as on leave granted[1] the trial-court order denying his motion for relief from judgment. We affirm.

## I. FACTUAL BACKGROUND

Defendant was convicted on several charges that stemmed from the December 2015 armed robbery of a person who agreed to sell video-game equipment to a man named Darius King. When the buyer arrived at the victim's home, the victim recognized him as defendant, who was not named Darius King. Defendant walked up to the victim's porch and, instead of buying the video-game equipment, took out a gun and announced that he was robbing the victim. A struggle ensued, and

---

[1] This Court originally denied defendant's application for leave to appeal because defendant "failed to establish that the trial court erred in denying the successive motion for relief from judgment." *People v Green*, unpublished order of the Court of Appeals, entered April 25, 2023 (Docket No. 363881). Our Supreme Court subsequently issued an order remanding the matter to this Court for consideration as on leave granted. *People v Green*, 513 Mich 933 (2023).

defendant shot the victim four times before fleeing.  Defendant was indicted following the use of a one-person grand jury, and thereafter convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84, armed robbery, MCL 750.529, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony, MCL 750.227b.

On appeal, defendant challenged the use of a one-person grand jury, *Green*, 322 Mich App 676, asserting that "his trial attorney was ineffective for failing to object to the use of the statutory one-person grand jury procedure because its use to indict defendant was unconstitutional given that it unduly impinged on defendant's constitutional right to counsel and his right to confront the witnesses against him." *Id*. at 682.  This Court upheld the validity of the use of a one-person grand jury and affirmed defendant's conviction.  *Id*. at 687, 689.

Four years later, our Supreme Court issued its opinion in *Peeler*, 509 Mich at 400, holding that the one-person grand jury statutes do not permit a judge presiding as a one-person grand jury to issue indictments.  The Supreme Court also held that if a criminal proceeding begins with a one-person grand jury, the defendant is entitled to a preliminary examination before being brought to trial.  *Id*.  In its opinion, our Supreme Court expressly overruled the portion of *Green* that held that "the one-person grand-jury procedure 'serves the same function' as a preliminary examination." *Id*. at 394, quoting *Green*, 322 Mich App at 687.  Our Supreme Court recognized, however, that a judge presiding as a one-person grand jury is statutorily authorized to "investigate, subpoena witnesses, and issue arrest warrants." *Peeler*, 509 Mich at 400.

Following the *Peeler* decision, defendant moved for relief from judgment in August 2022, contending that the issue defendant raised in his direct appeal must be reconsidered because *Peeler* overruled this Court's opinion in that matter.  Defendant also noted that he had always maintained his innocence and that the use of a one-person grand jury procedure resulted in an unconstitutional bind over to circuit court.  Defendant further argued that the facts discovered during the improper one-person grand jury proceeding were used extensively by the prosecution during the subsequent trial.  This was defendant's second motion for relief from judgment, as defendant had previously moved for relief from judgment in 2020 on other grounds.

In response to defendant's motion, the prosecution argued that *Peeler* was inapplicable to defendant's case because *Peeler* and its progeny addressed interlocutory appeals, not unpreserved appeals from final convictions.  Moreover, the Supreme Court did not say that its decision in *Peeler* should be applied retroactively.  After considering the motion, the trial court dismissed defendant's motion for relief from judgment.  The trial court determined that *Peeler* did not apply retroactively on collateral review.  The trial court noted that, although defendant was not afforded a preliminary examination, he was allowed at trial to cross-examine and impeach the two witnesses who testified before the one-person grand jury using transcripts from that proceeding.  In addition, the trial court stated that defendant did not allege that his jury trial was fundamentally unfair, and the trial court also decided that defendant had not shown that he was prejudiced or denied due process at trial or that the integrity of the fact-finding process was "somehow implicated."  This appeal followed.

## II.  LEGAL ANALYSIS

Defendant contends that the trial court erred when it determined that *Peeler* does not apply retroactively and when it denied his second motion for relief from judgment.  Defendant notes that

he has steadfastly maintained his innocence and the evidence elicited during the one-person grand jury proceeding was used extensively by the prosecution at his trial. Thus, defendant asserts that he has established a right to relief from judgment under MCR 6.508(D). The trial court's "decision on a motion for relief from judgment is reviewed for an abuse of discretion." *People v Christian*, 510 Mich 52, 74; 987 NW2d 29 (2022). "An abuse of discretion occurs when the court makes a decision that falls outside the range of reasonable and principled outcomes, or makes an error of law." *Id*. at 75 (quotation marks and citation omitted).

## A. RETROACTIVE APPLICATION

By all accounts, this appeal involves defendant's second motion for relief from judgment. Under MCR 6.502(G)(2)(a), a defendant "may file a second or subsequent motion" for relief from judgment based on "a retroactive change in law that occurred after the first motion for relief from judgment . . . ." The parties disagree about whether *Peeler* applies retroactively, but this Court's ruling in *People v Robinson*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365226); slip op at 5-6, establishes that *Peeler* does not apply retroactively. Therefore, defendant seemingly cannot avail himself of the decision in *Peeler* because "*Peeler* did not involve a retroactive change in the law." *Id*. at ___; slip op at 5.

But the *Robinson* Court denied relief by faulting the defendant for failing to lodge a timely objection to the one-person grand jury, stating that "he could have and should have challenged this procedure in his initial appeal before this Court." *Id*. at ___; slip op at 6. Unlike the defendant in *Robinson*, defendant here did argue on direct appeal "that the use of a one-person grand jury . . . violated his right to counsel and his right to confront the witnesses against him." *Green*, 322 Mich App at 679. Thus, the defect in *Robinson* that doomed the defendant's reliance on *Peeler* does not exist in the instant case. For that reason, we cannot conclude that defendant is barred from relying on *Peeler* in his second attempt to obtain relief from judgment.

## B. ENTITLEMENT TO RELIEF FROM JUDGMENT

Rules for post-appeal relief are prescribed in MCR 6.501 *et seq*. Generally, "one and only one motion for relief from judgment may be filed with regard to a conviction." MCR 6.502(G)(1). But "[a] defendant may file a second or subsequent motion based on . . . a retroactive change in law that occurred after the first motion for relief from judgment was filed[.]" MCR 6.502(G)(2)(a). When presenting a motion for relief from judgment, "[t]he defendant has the burden of establishing entitlement to the relief requested." MCR 6.508(D). Under MCR 6.508(D), a court may not grant relief to the defendant if the motion "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, *unless the defendant establishes that a retroactive change in the law has undermined the prior decision . . . .*" MCR 6.508(D)(2) (emphasis added). Thus, defendant must establish that *Peeler* has undermined this Court's ruling resolving defendant's direct appeal. See *id*.

In *Peeler*, our Supreme Court examined two parts of the statutory scheme known as the "one man grand jury" law, MCL 767.3 and MCL 767.4. *Peeler*, 509 Mich at 389. In the *Peeler* Court's view, those statutes "do not authorize the judge to issue indictments" arising out of a one-person grand jury in the context of a criminal prosecution. *Id*. at 400. Additionally, *Peeler* stated that if the criminal process is initiated with a one-person grand jury, the defendant is entitled to a

preliminary examination before a trial can be held. *Id*. Our Supreme Court overruled the part of *Green*, 322 Mich App at 687, that "held that the one-person grand-jury procedure 'serve[s] the same function' as a preliminary examination." *Peeler*, 509 Mich at 394. But *Peeler* reiterated that a judge possesses authority "to investigate, subpoena witnesses, and issue arrest warrants" when sitting as a one-person grand jury. *Id*.

Even though *Peeler* explicitly overruled a portion of this Court's decision on defendant's direct appeal, we must still determine whether *Peeler* actually undermined that prior opinion.[2] See MCR 6.508(D)(2). On his direct appeal, defendant contested the use of the one-person grand jury procedure, *Green*, 322 Mich App 676, contending that his trial attorney was ineffective for failing to challenge the use of a one-person grand jury and insisting that that procedure violated his rights to counsel and to confront witnesses against him. *Id*. at 682. This Court rejected those arguments. *Id*. at 684-689. This Court ruled that defendant's right to counsel had not been violated because the right to counsel had not attached at the grand jury stage and also that defendant did not have a statutory right to the presence of counsel at the grand jury proceeding because defendant was not called before the grand jury. *Id*. at 684-686. This Court also rejected defendant's Confrontation Clause claim because defendant's right to confront witnesses was not yet implicated at the grand jury stage because he had not yet been indicted. *Id*. at 686. Additionally, this Court observed that defendant's argument that the one-person grand jury procedure was improper as a matter of policy was not an issue this Court could decide, and it was not compelling because the Legislature acted within its province in enacting the one-person grand jury statutes. *Id*. In the course of that analysis, this Court opined that a one-person grand jury and a preliminary examination "both serve the same function," *id*. at 687, but the Supreme Court rejected that view in *Peeler*, 509 Mich at 394.

Having determined that defendant had failed to identify an issue on which his trial counsel had performed deficiently, this Court found that defendant had not received ineffective assistance. *Green*, 322 Mich App at 687. Despite that conclusion, this Court analyzed whether defendant had been prejudiced by the use of the one-person grand jury procedure. *Id*. at 688. This Court rejected defendant's claim that he was prejudiced by the failure to hold a preliminary examination because that contention "ignore[d] the jury verdict." *Id*. "[B]ecause defendant's conviction was based on proof beyond a reasonable doubt, this Court can surmise that had a preliminary examination been conducted, as defendant argued for here, defendant would have been bound over to circuit court for trial since the lesser standard of probable cause is used at [a] preliminary examination." *Id*. (quotation marks, citation, and alteration omitted). This Court also determined that defendant had not established that he was prejudiced because he had the opportunity to cross-examine the grand jury witnesses at trial, so he had failed to show that the use of the one-person grand jury procedure otherwise affected the fairness of the trial or the reliability of the verdict. *Id*. Indeed, on his direct appeal, "[d]efendant [did] not even argue that anything occurring during trial warrants a reversal

---

[2] Defendant attempts to short-circuit this analysis by insisting that "the use of the one man grand jury in his case resulted in an unconstitutional bindover to circuit court." This Court rejected that argument in *Robinson*, ___ Mich App at ___; slip op at 12, ruling that "an indictment via one-man grand jury, although erroneous under *Peeler*, does not deprive the circuit court of subject-matter jurisdiction. Therefore, the judgment here was not void for lack of jurisdiction."

of his convictions." *Id*. at 679. Accordingly, this Court concluded that even if the use of the one-person grand jury procedure was unconstitutional, it was harmless error in the context of the case. *Id*. at 688-689.

At this point in this case, defendant must show that *Peeler* undermined this Court's decision on his direct appeal. MCR 6.508(D)(2). Defendant criticizes the trial court for failing to address his contention that "his trial was seriously compromised by the use of testimony first gathered in the one-man grand jury proceeding."[3] But *Peeler* reaffirmed the statutory authority of one-person grand juries "to investigate, subpoena witnesses, and issue arrest warrants," 509 Mich at 397, 400, and did not undermine any aspect of the decision on defendant's direct appeal about the testimony adduced during the one-person grand jury proceeding. Therefore, the specific aspect of the one-man grand jury procedure that defendant attacks on this appeal is not one on which *Peeler* had any impact. Because *Peeler* did not undermine the decision on defendant's direct appeal on that issue, defendant has not established that he is entitled to relief from the judgment.

To be sure, *Peeler* undermined a portion of the ruling on defendant's direct appeal holding that defendant was not entitled to a preliminary examination. *Peeler*, 509 Mich at 394-395; *Green*, 322 Mich App at 686-687. But *Peeler* did not undercut the conclusion on defendant's direct appeal that defendant could not show prejudice from the use of the one-man grand jury procedure. *Green*, 322 Mich App at 688-689. In arriving at that conclusion, this Court noted that defendant had been convicted by a jury that found him guilty beyond a reasonable doubt, *id*. at 688, and also observed that, on direct appeal, defendant did not even "argue that anything occurring during trial warrants a reversal of his convictions." *Id*. at 679.

This Court has previously found errors that occurred at a preliminary examination harmless when the defendant was subsequently convicted at a trial by jury. *People v McGee*, 258 Mich App 683, 698; 672 NW2d 191 (2003) ("Because this defendant's conviction was based on proof beyond a reasonable doubt, we can surmise that had a preliminary examination been conducted, defendant would have been bound over to circuit court for trial since the lesser standard of probable cause is used at preliminary examination."). Also, this Court noted that defendant had the opportunity to cross-examine the grand jury witnesses at trial, so "defendant failed to establish that the use of the one-person grand jury procedure 'otherwise affected the fairness of the trial or the reliability of the verdict.' " *Green*, 322 Mich App at 688. Although *Peeler* overruled one aspect of *Green*, it did not undermine the ultimate ruling in that appeal. Defendant takes issue with the investigation and witness portions of the one-person grand jury process, but that part of the procedure was explicitly approved by the *Peeler* Court. *Peeler*, 509 Mich at 400. Therefore, *Peeler* did not undermine that portion of this Court's ruling on defendant's direct appeal, so defendant has not satisfied his burden under MCR 6.508(D)(2) to establish that *Peeler* "undermined [this Court's] prior decision[.]" As

---

[3] Defendant faults the trial court for not addressing the merits of his argument, but that criticism appears misplaced. In its order issued on November 7, 2022, the trial court noted that defendant was not prejudiced by the procedure used because he was able to cross-examine witnesses at trial using the grand jury transcript. The trial court determined that any error in the use of a one-person grand jury was harmless because it did not result in a miscarriage of justice.

this Court ruled in similar circumstances in *Robinson*, ___ Mich App at ___, slip op at 12, because defendant "was . . . duly convicted by a jury in this case, any error in the indictment or preliminary examination process does not warrant reversal." Thus, the trial court did not err when it dismissed defendant's motion for relief from judgment, thereby leaving intact his jury convictions established beyond a reasonable doubt at a constitutionally fair jury trial.[4]

      Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett

---

[4] Even if we were inclined to provide relief under *Peeler*, the prescribed remedy would be a remand for a preliminary examination, *Peeler*, 509 Mich at 400 ("And if a criminal process begins with a one-man grand jury, the accused is entitled to a preliminary examination before being brought to trial."), as opposed to vacation of defendant's convictions.