*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSE ISRAEL ESCALONA-MARTINEZ,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2021

No. 349974
Ingham Circuit Court
LC No. 17-000663-FH

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and REDFORD, JJ.

PER CURIAM.

Defendant, Jose Escalona-Martinez, appeals as of right his jury-trial conviction of domestic violence, third offense, MCL 750.81(5). Because remand for an evidentiary hearing is necessary to develop a factual basis for Escalona-Martinez's claim that his lawyer provided ineffective assistance, we remand for further proceedings.

## I. BASIC FACTS

This case arises out of an alleged domestic assault that occurred on July 3, 2012. The complainant testified that on that date Escalona-Martinez forcefully struck the side of her head and then fled to New York City. The complainant then described numerous prior incidents of domestic abuse Escalona-Martinez inflicted upon her over the course of several years. Escalona-Martinez's lawyer cross-examined the complainant on a wide range of topics, including prior inconsistent statements, lack of physical injuries, and prior cases that did not end in convictions. The jury found Escalona-Martinez guilty of domestic violence.

Following his conviction Escalona-Martinez filed a motion for a new trial, alleging that his trial lawyer's performance was constitutionally deficient because he failed to pursue a viable alibi defense. In support of his motion, Escalona-Martinez submitted several affidavits, which, taken together indicated that on July 3, 2012, he was in New York City, that he had told his lawyer about his alibi, and that his lawyer had not reasonably investigated the claim. He also asked the trial court to hold an evidentiary hearing so that he could develop a factual basis for his ineffective assistance claim. The trial court denied his motion.

-1-

## II. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Escalona-Martinez argues that he was denied effective assistance of a lawyer and that the trial court abused its discretion by denying his motion for a new trial without first holding an evidentiary hearing. A trial court's decision not to hold an evidentiary hearing to allow a defendant to establish the basis for an ineffective assistance claim is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008).

### B. ANALYSIS

In order to show that his or her lawyer provided ineffective assistance, a defendant must show that his lawyer's performance was deficient and that, but for the deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864 (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted).

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Under the deficient-performance prong, a reviewing court evaluates whether the trial attorney's acts or omissions were outside the wide range of professionally competent assistance." *People v Green*, 322 Mich App 676, 684; 913 NW2d 385 (2018) (quotation marks and citation omitted). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Traver*, 328 Mich App 418, 422-423; 937 NW2d 398 (2019) (quotation marks and citation omitted). "Yet a court cannot insulate the review of counsel's performance by calling it trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). This is because the defendant's lawyer "always retains the duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id*. (quotation marks and citation omitted). "[A] sound defense strategy cannot follow an incomplete investigation of the case when the decision to forgo further investigation was not supported by reasonable professional judgment." *Id*. at 55.

In this case, Escalona-Martinez signed an affidavit in support of his motion for a new trial. He averred that he told his lawyer that he was in New York on July 3, 2012; that he offered multiple ways to verify this information; and that his lawyer's investigation of this alibi consisted of one phone call and no follow-up. Escalona-Martinez's also submitted affidavits from several individuals who offered information in support of his assertion that he was in New York on or shortly after July 3, 2012. A volunteer at a New York homeless shelter asserted personal knowledge that Escalona-Martinez was at the shelter for the entire month of July 2012. Another volunteer at the shelter stated that he had personal knowledge that Escalona-Martinez was present at the shelter on July 4, 2012, and that because Escalona-Martinez's intake process was complete,

Escalona-Martinez must have already been at the shelter prior to July 4. The former director of the shelter confirmed that Escalona-Martinez resided at the shelter in 2012.

We conclude that the trial court abused its discretion by denying Escalona-Martinez's request for an evidentiary hearing. The court's primary reason for denying the motion for a new trial without an evidentiary hearing was its determination that a new trial would not have resulted in a better outcome for Escalona-Martinez. This reasoning could have been valid had it been based on a conclusion that there was no reasonable probability that the jury in Escalona-Martinez's trial, had it been presented with the alibi evidence, would have found him not guilty. However, instead of analyzing whether this evidence might have affected the outcome of the trial for the crime with which Escalona-Martinez was actually charged, the trial court speculated that ordering a new trial would have resulted in the prosecution issuing new charges for different acts of domestic violence and even for sexual assault. This reasoning was both hypothetical and irrelevant to the determination whether Escalona-Martinez was denied effective assistance when his trial lawyer declined to conduct a thorough evaluation of the claimed alibi.

The trial court engaged in additional speculation that Escalona-Martinez's desire to have his charges dismissed may have been motivated by a plan to file a civil lawsuit against the prosecution. The court opined that it was unusual for a person with an alibi not to testify and insinuated that if Escalona-Martinez's alibi had been genuine he would have been "jumping up and down" to tell the court that he was in New York. It was improper for the court to speculate about Escalona-Martinez's state of mind or his motivations in the absence of any evidence indicating such a plan. Rather than holding an evidentiary hearing which could have shed light on Escalona-Martinez's reasoning behind not alerting the court of his alibi, the trial court, without any evidentiary support, attributed an insidious motivation to Escalona-Martinez and then used that motivation as part of the reason for denying his relief. Additionally, the court surmised that Escalona-Martinez's decision not to testify meant that he must have had discussions with his lawyer about the proper trial strategy. An evidentiary hearing would have rendered speculation about this point unnecessary. Finally, the trial court supported its decision by hypothesizing that the original judge's decision to sentence Escalona-Martinez at the top of his guidelines was likely the result of poor behavior from Escalona-Martinez and that this poor behavior was "another signifier the jury got it right." However, the issue was not whether "the jury got it right"; the issue was whether Escalona-Martinez was deprived of his right to effective assistance of a lawyer.

Overall, the trial court failed to meaningfully address the question of whether the evidence offered by Escalona-Martinez, if developed at an evidentiary hearing, could satisfy the two prongs of the *Strickland* ineffective assistance test. In discussing the lawyer's performance, the court noted that he had "made the phone call." The court declined to find that the defense lawyer should have performed additional investigation because "we'll never know if defendant actually gave him names to follow up on." The court also noted that it did not know if the defense lawyer "made an error." Yet, the fact that there currently is no way to know if Escalona-Martinez gave his lawyer sufficient information for him to investigate is why an evidentiary hearing was necessary. There was no further discussion of the first prong by the court.

The only time in the hearing during which the court properly addressed the second prong involved discussion of the possibility that the prosecution could present substantial evidence of prior acts of domestic violence. "[T]he people can file a notice, bring in all that history. He can

bring in 35 witnesses saying he was likely in New York, and when you balance that, this could all be for naught, and there's no doubt in my mind the people will do that." The court failed to recognize the potential for persuasion in the evidence Escalona-Martinez offered; regardless of how thoroughly the people proved the prior acts of violence, Escalona-Martinez could not have assaulted the complainant in Michigan on July 3, 2012, if he was in New York.

It is possible that development of the record at an evidentiary hearing will not ultimately compel the conclusion that the defense lawyer's assistance was ineffective. On affiant's averment that Escalona-Martinez was at the shelter the entire month of July 2012 directly supports the alibi; however, a finder of fact might question how a shelter volunteer could possibly remember that an individual was present in the shelter during a particular month nearly seven years earlier. Another affiant stated that Escalona-Martinez arrived at the shelter on July 4, 2012, and that he must have been "already living there" on that day because his intake process was already completed. That statement arguably supports Escalona-Martinez's assertion that he was in New York on July 3, 2012, but a fact-finder might reasonably conclude that Escalona-Martinez assaulted the complainant on July 3, fled Michigan, and arrived in New York on July 4. Moreover, like all of the submitted affidavits, the passage of seven years between July 2012 and the preparation of the affidavits in 2019 would likely give any fact-finder pause. Nevertheless, we conclude that the trial court was faced with potentially exculpatory evidence that necessitated an evidentiary hearing for further factual development before Escalona-Martinez's ineffective assistance claim could be rejected. See *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973) ("If the record made before a defendant is convicted does not factually support claims he wishes to urge on appeal, he should move in the trial court for a new trial . . . and seek to make a separate record factually supporting the claims.").

We remand for an evidentiary hearing to develop Escalona-Martinez's claim that his trial lawyer was ineffective for failing to investigate and/or pursue his alibi defense. Following the hearing the trial court shall consider anew Escalona-Martinez's request for a new trial. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ James Robert Redford