*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHERRY LYNN MANDEL,

        Defendant-Appellant.

UNPUBLISHED
November 4, 2021

No. 351954
Saginaw Circuit Court
LC No. 18-045773-FC

Before: MARKEY, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right her jury-trial convictions of assault with intent to commit murder (AWIM), MCL 750.83, assault with intent to do great bodily harm (AWIGBH), MCL 750.84 (as a lesser-included offense of AWIM), and two counts of possessing a firearm while committing a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to consecutive prison terms of 225 months to 30 years for the AWIM conviction and 38 months to 10 years for the AWIGBH conviction, with each sentence to be served following the statutory two-year prison term for its attendant felony-firearm conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant's wife, Angela Mitchell, began a romantic relationship with another woman, Lisa Gonzalez-Barillas, in 2017, and moved out of the home she shared with defendant in 2018 to live with Gonzalez-Barillas. On December 4, 2018, Mitchell returned home from work and found defendant waiting for her with a gun. Defendant instructed Mitchell to go into the house, where defendant restrained her with duct tape and hit her with a wrench. Defendant retrieved the duct tape from a backpack she had brought with her. Defendant then waited for Gonzalez-Barillas to return home, and non-fatally shot both Mitchell and Gonzalez-Barillas when Gonzalez-Barillas entered the house. Mitchell was able to free herself from her restraints and attack defendant; defendant was shot during the struggle for the gun. Mitchell and Gonzalez-Barillas both called 911.

Gonzalez-Barillas told police that defendant had opened the door to the house just as she was entering, and shot her in the abdomen. Gonzalez-Barillas said she heard two more shots as

she ran to the neighbor's house to escape defendant. Mitchell told police that defendant had confronted her when she drove into the house's attached garage and that defendant was wearing dark clothing and holding a wrench in one hand and a gun in the other. Mitchell told police that defendant had asked her "where the f**k is [Gonzalez-Barillas]" after restraining her. Mitchell further stated that defendant had fired the gun at her while she was restrained, hitting her in her right side, and that during the subsequent struggle defendant was shot in the leg. Defendant told police, who interviewed her at the hospital, that she had just wanted to scare Mitchell and try to talk to her about their relationship, but it "just went wrong." Defendant stated that the gun had accidentally discharged twice, once when Gonzalez-Barillas entered the house and once during the struggle with Mitchell.

Mitchell and Gonzalez-Barillas both testified at trial regarding the events of December 4, 2018. A police detective testified that defendant's backpack, recovered from the scene, contained mace, a picture of defendant and Mitchell, a bottle of whiskey, a box of ammunition, a box cutter, and a pair of pliers. Defendant did not testify at trial.

Defendant was convicted as described. At sentencing, defendant's minimum sentence guidelines range for AWIM was calculated at 135 to 225 months, and for AWIGBH was calculated at 19 to 38 months; defendant agreed that the guidelines were scored properly. The trial court sentenced defendant at the high end of the guidelines range for both offenses.

This appeal followed.

## II. SENTENCING

In her main brief on appeal, defendant argues that her sentences were disproportionate and unreasonable. We disagree.

"[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks and citation omitted). The sentencing "guidelines embody the principle of proportionality . . . ." *Dixon-Bey*, 321 Mich App at 524. For that reason, when a criminal defendant is sentenced in accordance with the guidelines, this Court presumes that the sentence was reasonable and proportionate. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). Accordingly, if the sentence was within the guidelines range, this Court "shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).

It is undisputed that defendant's sentences fell within the range recommended by the sentencing guidelines. Defendant does not argue that there was an error in the scoring of the guidelines or that her sentences were based on inaccurate information; accordingly, we are bound to affirm those sentences.[1]

---

[1] There is case law supporting the proposition that a within-guidelines sentence can be disproportionate when particularly unusual circumstances are present. See, e.g., *People v Lee*, 243

Defendant does not dispute the above statements of the law; rather, defendant argues that this Court should hold MCL 769.34(10) to be invalid in light of the Supreme Court's decision in *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015), that the sentencing guidelines are no longer mandatory. In addition to requesting that we reach a conclusion directly contrary to binding precedent,[2] defendant misunderstands the *Lockridge* decision. The Supreme Court's concern in *Lockridge* pertained to judicial fact-finding. *Lockridge*, 498 Mich at 375. This judicial fact-finding, coupled with a mandatory sentencing scheme, was found by our Supreme Court to deprive criminal defendants of their rights under the Sixth Amendment. *Id.* at 379; see US Const Am VI. The requirements of MCL 769.34(10) do not implicate these concerns, and defendant has presented us with no basis upon which to conclude that *Lockridge* requires us to invalidate the statute.

## III. STANDARD 4 BRIEF

In her Standard 4 brief[3], defendant argues that her trial counsel was ineffective in numerous ways, and that her appellate counsel was ineffective for failing to raise these issues in her main brief on appeal. We disagree.

Claims of ineffective assistance of counsel present mixed questions of fact and law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Factual findings are reviewed for clear error and legal conclusions are reviewed de novo. *Id.* Because a *Ginther*[4] hearing was not held, we limit our review to mistakes that are apparent from the record. *People v Riley*, 468 Mich 135, 139; 659 NW2d 611 (2003).

The Sixth Amendment of the United States Constitution guarantees that criminal defendants receive effective assistance of counsel. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed2d 674 (1984). Michigan's Constitution affords this right the same

---

Mich App 163, 187; 662 NW2d 71 (2000). Defendant, however, has not identified any unusual circumstances that are sufficient to render her sentences disproportionate. She argues that her sentence was excessive because her crime was clearly motivated by the way her long marriage ended, she did not have a prior criminal history, and she was of an age that would result in her being imprisoned after she was 70 years old. These factors are not unusual circumstances sufficient to overcome the presumption of proportionality. See *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (stating that "the factors cited by defendant, i.e. his lack of criminal history, and minimum culpability, are not unusual circumstances that would overcome that presumption"). See also *People v Bowling*, 299 Mich App 552, 558-559; 830 NW2d 800 (2013) (explaining that the "defendant's age is insufficient to overcome the presumptive proportionality of his sentences").

[2] See *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016) (noting that "*Lockridge* did not alter or diminish MCL 769.34(10)"); see also *People v Anderson*, 322 Mich App 622, 636-637; 912 NW2d 607 (2018).

[3] A supplemental appellate brief filed *in propria persona* by a criminal defendant under Michigan Supreme Court Administrative Order 2004-6, Standard 4.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

level of protection as the United States Constitution. *People v Pickens*, 446 Mich 298, 318-320; 521 NW2d 797 (1994). Accordingly, "[t]o prevail on a claim of ineffective assistance, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Head*, 323 Mich App at 539 (quotation marks and citation omitted; alteration removed). The effectiveness of counsel is presumed, and defendant bears the burden of overcoming that presumption. *Id.*

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 US at 690. This Court then evaluates "whether the trial attorney's acts or omissions were outside the wide range of professionally competent assistance." *People v Green*, 322 Mich App 676, 684; 913 NW2d 385 (2018) (quotation marks and citation omitted). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Traver*, 328 Mich App 418, 422-423; 937 NW2d 398 (2019).

Defendant raises a number of errors that she alleges were made by her trial counsel during trial. We conclude that each of these allegations are unsupported by the record, matters of trial strategy, or are otherwise without merit. Defendant alleges that her trial counsel failed to investigate her case, but there is no support for that claim in the record. More specifically, defendant argues that her trial counsel failed to interview the prosecution's witnesses prior to trial, but, not only is there no support for this claim in the record, but defendant has failed to establish how interviewing the witnesses would have resulted in a different outcome, other than with the conclusory statement that her counsel would have been better able to "expose their lies" at trial. Defendant has not overcome the presumption of effective assistance. *Head*, 323 Mich App at 539.

Defendant further argues that her trial counsel lacked *any* strategy for winning her case. This argument is contradicted by the record, which shows that her counsel emphasized the impact that the breakdown of defendant's marriage had on her state of mind and argued that she did not have the requisite intent to kill (a strategy that appears, at least in part, to have been effective, given defendant's conviction of one count of AWIGBH, in lieu of AWIM). Again, this Court defers to counsel on matters of trial strategy. *Traver*, 328 Mich App at 422-423. In any event, a trial strategy that focused on defendant's state of mind seems quite reasonable in light of the strong evidence that defendant committed the physical acts for which she was charged. Relatedly, defendant argues that defense counsel erred by failing to pursue a so-called "sudden heat" defense and request a jury instruction regarding that defense. However, counsel's decisions regarding the choice of theories to present are presumed to be sound exercises of trial strategy. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Additionally, defendant has failed to present this Court with any basis upon which to conclude that defense counsel's decisions concerning jury instructions were not reasonable strategic choices. *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013).

Defendant also argues that her attorney refused to let her testify in her own defense. However the record shows that, at trial, defendant affirmatively and unequivocally waived her right to testify after acknowledging that it was a decision that her attorney could not make on her behalf. "One who waives his rights under a rule may not then seek appellate review of a claimed

deprivation of those rights, for his waiver has extinguished any error." *People v Buie*, 491 Mich 294, 306; 817 NW2d 33 (2012) (quotation marks and citation omitted).

Defendant also argues that defense counsel erred by failing to call several hypothetical expert witnesses, including a psychiatrist specializing in lesbian relationships, a ballistics expert, and a crime scene expert. The record contains no evidence that such experts were available, and defendant has not provided this Court with any information regarding what evidence could have been provided by these experts. Regardless, "[d]ecisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

Defendant further argues that her trial counsel erred by allowing the prosecution to admit tainted evidence in the form of the bullet removed from Mitchell and the contents of her backpack. Defendant has not developed her argument concerning potential chain-of-custody or other foundational problems that might have rendered this evidence inadmissible, and defendant has not offered any grounds upon which defense counsel could have sought the exclusion of the evidence. Defense counsel is not ineffective for failing to make futile objections. *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003).

Defendant also raises several allegations related to her trial counsel's conduct before trial. We also find these allegations to be unsupported by the record or otherwise meritless. Defendant argues that she had to wait more than a year for trial despite repeated requests for a speedy trial.[5] However, the record contains no support for her allegation that she requested that her attorney pursue a speedy trial. Moreover, defendant has not explained how the proceedings against her would have been different had she been tried sooner. Because her trial was held within 18 months of her arrest, defendant bears the burden of demonstrating prejudice. *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013).

Defendant argues that her trial counsel erred by failing to seek a change of venue, but whether to seek a change of venue is a matter of trial strategy, *People v Aspy*, 292 Mich App 36, 48; 808 NW2d 569 (2011), and defendant has not demonstrated that the failure to change venue had an outcome on the proceedings against her, other than merely noting that the case had received media attention. Defendant argues that defense counsel erred by failing to ask a wide array of questions during the jury selection process, but "an attorney's decisions relating to the selection of jurors generally involve matters of trial strategy which we normally decline to evaluate with the benefit of hindsight." *People v Johnson*, 245 Mich App 243, 259; 631 NW2d 1 (2001).

Finally, defendant argues that her appellate counsel was ineffective for failing to raise any of the arguments discussed above. The test for ineffective assistance of appellate counsel is the same as the test for ineffective assistance of trial counsel. *People v Uphaus*, 278 Mich App 174, 186; 748 NW2d 899 (2008). Because all of the arguments raised in defendant's Standard 4 brief

---

[5] Defendant's trial actually began less than 10 months after the date of her arrest.

are without merit, defendant's appellate counsel did not err by declining to raise them. *Goodin*, 257 Mich App at 433.

Affirmed.

/s/ Jane E. Markey
/s/ Jane M. Beckering
/s/ Mark T. Boonstra